<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL S. KENNEDY, on behalf of himself and all others similarly situated<br><br>　　　　　　　　　Plaintiff(s),<br><br>v.<br><br>UNITED COLLECTION BUREAU, INC.<br><br>　　　　　　　　　Defendant. | Civ. No. 09-cv-05480 DRD-MAS<br><br>**O P I N I O N** |

*Appearances by:*

LAW OFFICES OF JOSEPH K. JONES, LLC
by: Joseph K. Jones, Esq.
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004

　　*Attorney for Plaintiff(s),*

BUDD LARNER, P.C.
by: Virginia A. Pallotto, Esq.
150 J. F. Kennedy Parkway, 3rd Floor
Short Hills, New Jersey 07078

　　*Attorney for Defendant.*

<u>**DEBEVOISE, Senior District Judge**</u>

　　This matter comes before the Court on a motion by Defendant, United Collection Bureau, Inc. ("UCB") to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff, Michael

Kennedy, contends in his complaint that UCB (1) violated § 1692f(1) of the Fair Debt Collection Practices Act ("FDCPA") by making a demand for a "Collection Fee" of $214.18 when no such charge is expressly authorized by the agreement creating the alleged debt and/or is not permitted by law (Compl. ¶ 16) and (2) violated § 1692e(10) of the FDCPA by falsely representing the alleged debt (Compl. ¶ 21).

Plaintiff brings these claims as a class action, with the perspective class being those who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA (Compl. ¶ 8). Specifically, the class is defined as:

> All New Jersey Consumers, who within the statutory period, were sent debt collection notices or letters from defendant, attempting to collect a debt allegedly owed to Verizon Wireless, where the debt collection notice or letter included a "Collection Fee" which is not expressly authorized by the contract or agreement with the original creditor and/or not permitted by law.

Id.

The Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) will be granted. Because the Court finds that the Collection Fee of $214.18 was expressly authorized by the Verizon Customer Agreement, Plaintiff is not a member of the proposed class and therefore cannot pursue the class action.

## I. BACKGROUND

The following facts are alleged in the Complaint or are derived from documents deemed a part of the Complaint. Defendant sent a letter addressed to Plaintiff, dated October 19, 2009, which sought to collect a debt Plaintiff owed to Verizon Wireless. The letter stated: "This account has been placed with our office for collection. Please pay in full to our office or call for arrangements." The letter stated that the Plaintiff owed $1404.11, as the "Balance Due." This included the "Principal Amt" of $1189.93 and a "Collection Fee" of $214.18. Plaintiff, as a

customer of Verizon Wireless, had signed a "customer agreement." This customer agreement included a provision which stated:

> We may also charge you for any collection agency fees that we are charged by a collection agency we use to collect from you if it is permitted by the law of the state where you have your billing address when we first send your account to a collection agency . . . .

Plaintiff, having read the letter, filed a Complaint on October 28, 2009 as a class action on behalf of himself and all who have received debt collection letters or notices from UCB with an included collection fee. Plaintiff claimed two violations of the FDCPA. In the first cause of action, Plaintiff claimed that Defendant violated § 1692f(1) of the FDCPA by making a demand for a "Collection Fee" of $214.18 when no such charge is expressly authorized by the agreement creating the alleged debt and/or is not permitted by law (Compl. ¶ 16). Based on this claim, Plaintiff requested that the Court award actual damages, statutory damages, costs, and attorney's fees (Compl. ¶ 18). Plaintiff's second claim stated that UCB violated § 1692e(10) of the FDCPA by falsely representing the alleged debt (Compl. ¶ 21). Again, Plaintiff sought actual and statutory damages, costs, and attorney's fees (Compl. ¶ 23). Plaintiff additionally asked for an injunction restraining UCB from engaging in conduct in violation of the FDCPA. The pending Motion to Dismiss was submitted on December 23, 2009.

## II. DISCUSSION

**A. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The court's inquiry, however, "is not whether plaintiffs will ultimately

3

prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the Rule 12(b)(6) standard in two cases: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007). The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, Bell Atlantic, 550 U.S. at 545, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, the assertions in the complaint must be enough to "state a claim to relief that is plausible on its face," id. at 570, meaning that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S. Ct. at 1949; see also, Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (In order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

When assessing the sufficiency of a complaint, the Court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation."

Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

When a Complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, leave to amend and reassert the claims contained in that Complaint is ordinarily granted. In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). A claim may be dismissed with prejudice, however, if amending the Complaint would be futile. Id. "Futile," as used in this context, means that the Complaint could not be amended to state a legally-cognizable claim. Id. (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).

**B. Plaintiff's Claim under 15 U.S.C. 1692f(1)**

Plaintiff's first claim is based upon § 1692f(1) of the Fair Debt Collection Practices Act, which states in pertinent part that:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. 1692f(1). Plaintiff claims that UCB committed a violation of this section by seeking payment of a "collection fee" of $214.18 in addition to the principal amount owed on a debt to Verizon Wireless. Both parties recognize the existence of a customer agreement between the Plaintiff and Verizon Wireless pertaining to the debt owed by Plaintiff. The agreement reads, in relevant part:

> We may also charge you for any collection agency fees that we are charged by a collection agency we use to collect from you if it is permitted by the law of the

>state where you have your billing address when we first send your account to a collection agency . . . .

The parties do not agree, however, as to whether this agreement authorizes the collection of a collection fee by UCB.

Plaintiff argues that the language of § 1692f(1) requires that the *exact* amount of the fee to be charged must be expressly stated in the agreement. This interpretation of the statutory language cannot be sustained. Plaintiff's suggested reading would require agreements to set forth, in advance, the exact amount of interest and incidental expenses, both of which are noted specifically in § 1692f(1) as 'amounts.' The exact dollar amounts of these expenses, by their nature, are often not ascertainable at the time of agreement, especially incidental expenses.

Additionally, Plaintiff can point to no case law to support this proposition. There have been instances, however, where the collection of an amount was found *not* to be in violation of § 1692f(1) even though the exact dollar amount had not been provided for explicitly in the agreement. See Shapiro v. Riddle & Assocs., P.C., 351 F.3d 63, 64 (2d Cir. 2003)(holding that $98 attorney/collection costs fee not in violation of § 1692f(1) because agreement provided for the "reasonable cost of collection" to be recovered by creditor.); Sierra v. Foster & Garbus, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999)(holding that even if claims were not time-barred, the agreement authorized an amount as it allowed for recovery of "collection costs we incur including, but not limited to, reasonable attorney's fees and court costs.").

Plaintiff's secondary argument is based on the possible existence of hypothetical facts regarding the transaction between UCB and Verizon Wireless and the debt between Plaintiff and Verizon Wireless that could support the Plaintiff's claim under the "no set of facts" standard from Conley v. Gibson, 355 U.S. 41, 45-46. Plaintiff argues that even if the collection fee is

6

authorized by the agreement there is still a "question of fact" regarding whether Verizon Wireless was actually charged the $214.18. This argument fails on multiple grounds.

First, these hypothetical 'facts' are not set forth in the Complaint. The Complaint merely alleges that the Plaintiff received and read a letter from UCB, which sought a collection fee in violation of the FDCPA. Plaintiff instead offers these other hypothetical 'facts' as examples of possible 'sets of facts' that would satisfy the "no set of facts" standard of Conley. As these 'facts' are not set forth in the Complaint, they could be disregarded for the purpose of this motion.

However, it will be assumed that Plaintiff's theoretical 'facts' were contained in the pleadings. Plaintiff's Complaint would still fail. Plaintiff claims that it is "entirely possible" that Verizon Wireless was not charged $214.18 by UCB or that Plaintiff may never have owed the principal to Verizon Wireless, among other things. Plaintiff does not allege these are facts but instead offers them as hypothetical examples of what Plaintiff believes would satisfy the Conley standard. Plaintiff's attempt shows a fatal misunderstanding of the correct standard of review for Rule 12(b)(6) motions. As stated above, Bell Atlantic, 550 U.S. at 545, raises the bar to now require that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Similarly, under Iqbal, 129 S. Ct. at 1949, there must be facts presented that "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." In this instance, Plaintiff does not advance any of these theories as actually being factual but instead offers them to illustrate the point that there may be a set of facts in existence somewhere, possibly unbeknownst to Plaintiff, which would entitle him to relief. This clearly does not satisfy the requirements of Bell Atlantic and Iqbal.

Further assuming that Plaintiff had alleged any of these facts as being true and had done so in the Complaint, Plaintiff's claim would still be lacking.  The purpose of § 1692f(1) of the FDCPA is to monitor the activity of debt collectors.  Allegations that the underlying debt was not owed to the creditor or that the creditor has not paid the debt collector the exact amount of a fee in no way affect the elements of this particular claim.  As stated by the 7th Circuit in Transamerica Fin. Servs., Inc. v. Sykes, 171 F.3d 553, 556, "[section 1692f] of the FDCPA addresses the conduct of the debt collector, not the validity of the underlying debt."

For these reasons, including that the collection fee sought by UCB is found to be authorized by the customer agreement between Plaintiff and Verizon Wireless and because no other facts are sufficiently alleged or assumed that would entitle Plaintiff to relief under § 1692f(1), this claim will be dismissed.

## C.  Plaintiff's claim under 15 U.S.C. 1692e(10)

Plaintiff's second claim alleges a violation of § 1692e(10) of the FDCPA.  This section states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. 1692e(10).  Plaintiff contends that the inclusion of the collection fee by UCB is in violation of this section because the addition of the collection fee misrepresents the amount due since the collection fee is not authorized by any agreement.

Plaintiff's claim under this section is, like his claim under § 1692f(1), based on the collection fee not being authorized by the customer agreement between Plaintiff and Verizon Wireless.  As noted above, the collection fee is in fact authorized by the customer agreement and

8

thus it cannot be the basis for this claim.  As Plaintiff has no alternative arguments to support a claim under § 1692e(10), this claim will also be dismissed.

In the usual case when a court dismisses a complaint pursuant to Rule 12(b)(6), it grants the plaintiff a limited period of time to file an amended complaint designed to cure the defects in the original complaint.  Here, in defense of the motion to dismiss, Plaintiff has already advanced additional allegations that he could make that would support a viable claim.  Instead of rejecting these contentions as outside the pleadings, the Court addressed them on the merits and held that even if they were pleaded, they would not state a claim.  Therefore, any amendment of the Complaint would be futile, and the court is dismissing the Complaint outright.

### III.  CONCLUSION

For the reasons provided above, Plaintiff's claims are dismissed in their entirety with prejudice.

The Court will enter an order implementing this opinion.


                         *S/Dickinson R. Debevoise*
                         DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: February 3, 2010